IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA     :

    :

v.     :   Criminal No. DKC 24-198-1

    :

MARLOW BATES

    :

**MEMORANDUM OPINION**

Defendant Marlow Bates filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) on May 26, 2026. (ECF No. 186). Upon consideration of the applicable factors in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, the motion for compassionate release will be denied.

## I.   Background

Mr. Bates is serving an aggregate sixty-month sentence consisting of twelve months for violating supervised release and forty-eight months for conspiracy to distribute cocaine. (ECF No. 123); Judgment on Violation of Supervised Release, *United States v. Bates*, No. 13-cr-512-DKC-4 (D.Md. July 25, 2025), ECF No. 819. In its sentencing memorandum, the government noted Mr. Bates was the leader of a drug trafficking shop in Baltimore, Maryland, that sold cocaine and fentanyl. (ECF No. 115, at 1, 3). This was not Mr. Bates' first criminal offense; in his prior convictions, Mr.

Bates was a mid-level member of drug trafficking organizations. (*Id.* at 3).   In contrast, he was the source of supply in the instant case.  (*Id.*)  Agents recovered loaded firearms at a stash house location that Mr. Bates used frequently. (*Id.*)

Mr. Bates has a lengthy history of serious back problems. (ECF No. 186).  His back pain began after a car accident in 2012. (*Id.* at 3).  On July 17, 2024, he collapsed from pain and numbness in his left leg and foot while in pretrial detention.  (*Id.* at 3). He received spine surgery on July 24, 2024, and upon discharge from the hospital, was incarcerated at Metropolitan Transition Center ("MTC") and Chesapeake Detention Facility ("CDF") in Baltimore. (*Id.* at 4).  On August 30, 2024, Judge Austin granted Mr. Bates' request for home confinement pending trial because Mr. Bates was not receiving proper post-surgical care at CDF.  (*Id.* at 5; ECF No. 192, at 2).

Mr. Bates pleaded guilty to the cocaine conspiracy charge on May 21, 2025, and was sentenced on July 25, 2025.  (ECF No. 174). On his way to self-surrender to federal custody on September 22, 2025, Mr. Bates was in a serious car accident.  (ECF No. 140). The court extended his self-surrender date several times, ultimately until December 15, 2025, to allow him to receive medical treatment.  (ECF No. 153).  Mr. Bates reported to FCI Texarkana on

December 15, 2025, and promptly notified prison staff about his condition.  (ECF No. 186, at 7).  He applied for compassionate release on December 31, 2025, and again on January 26, 2026.  (ECF No. 186-4).[1]

Mr. Bates has received treatment for his medical issues while at FCI Texarkana.  He received an X-ray on December 22, 2025.  (ECF No. 186, at 7).  The X-ray did not diagnose Mr. Bates' disc issue. On March 25, 2026, a doctor from the Maryland Spine Center at Mercy Hospital wrote a letter stating that Mr. Bates needs surgery and "without this procedure Mr. Bates may have permanent nerve damage that could result in numbness, burning and muscle weakness."  (ECF No. 186-5). The Bureau of Prisons ("BOP") ordered an MRI which occurred on April 16, 2026, and scheduled a neurosurgical consultation.  (ECF Nos. 186, at 7; 192, at 3).  The BOP is providing Mr. Bates with daily high dose ibuprofen, but Mr. Bates alleges ibuprofen is ineffective as treatment and harmful to his digestive system and liver. (ECF No. 186, at 8).

---

[1]  Mr. Bates received no responses to his requests.  The parties do not dispute that Mr. Bates has exhausted his administrative remedies as required under 18 U.S.C. § 3582.  (ECF Nos. 192, at 4; 186, at 7).

## II.  Standard of Review

Ordinarily, a court may not alter a sentence after it is imposed.  There are limited exceptions, however.  One is pursuant to 18 U.S.C. § 3582(c)(1)(A), the compassionate release statute.  Under that statute, a court may reduce a defendant's sentence if there are "extraordinary and compelling reasons" for the reduction that are "consistent with applicable policy statements issued by the Sentencing Commission," and the § 3553(a) factors also support reduction.  18 U.S.C. § 3582(c)(1)(A).

> A district court analyzes a compassionate release motion in two steps.  First, it determines whether the defendant is eligible for a sentence reduction.  *See United States v. Bond*, 56 F.4th 381, 383 (4th Cir. 2023).  To be eligible, the court must find that relief is warranted because of "extraordinary and compelling reasons" and "consistent with applicable policy statements issued by the Sentencing Commission."  [*United States v.*] *High*, 997 F.3d [181,] 186[ (4th Cir. 2021)]; *see* § 3582(c)(1)(A)(i).  Second, the court considers whether the 18 U.S.C. § 3553(a) sentencing factors support relief.  *Bond*, 56 F.4th at 384; § 3582(c)(1)(A)(i).

*United States v. Moody*, 115 F.4th 304, 310 (4th Cir. 2024).

The Sentencing Commission adopted a policy statement that was effective November 1, 2023:

> The Sentencing Commission has promulgated a policy statement, U.S.S.G. § 1B1.13, which attempts to define what may constitute

"extraordinary and compelling reasons." *United States v. McCoy*, 981 F.3d 271, 276 (4th Cir. 2020). The Sentencing Commission recently amended the policy statement. Effective November 1, 2023, the amended policy statement provides a non-exhaustive list of extraordinary and compelling reasons for reducing a sentence:

(1)    the medical circumstances of the defendant, U.S.S.G. § 1B1.13(b)(1);

(2)    the age of the defendant, U.S.S.G. § 1B1.13(b)(2);

(3)    family circumstances of the defendant, U.S.S.G. § 1B1.13(b)(3);

(4)    whether the defendant was a victim of abuse while incarcerated, U.S.S.G. § 1B1.13(b)(4);

(5)    "other reasons," U.S.S.G. § 1B1.13(b)(5); or

(6)    an unusually long sentence, if the defendant meets certain conditions, U.S.S.G. § 1B1.13(b)(6).

*United States v. Moore*, No. 4:15-CR-1, 2024 WL 4148646, at *2 (E.D.Va. Sept. 11, 2024).

For a defendant's medical condition to qualify as a compelling or extraordinary condition, it must meet one of the three circumstances set out in 1B1.13(b)(1):[2]

---

[2]  The fourth circumstance relates to public health emergencies or an outbreak of infectious disease.

Medical Circumstances of the Defendant.—

> (A) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> (B) The defendant is—
> (i) suffering from a serious physical or medical condition,
> (ii) suffering from a serious functional or cognitive impairment, or
> (iii) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

Finally, extraordinary and compelling reasons can be found to exist based on a combination of circumstances. 1B1.13(b).

## III. Discussion

### A.    Medical Condition

The court and the parties recognize Mr. Bates' back problems are a serious medical condition. (ECF Nos. 192, at 5; 186, at 1). Nevertheless, the fact that Mr. Bates is receiving medical care

6

from the BOP and the existence of other remedies apart from compassionate release weigh against granting his request.

The BOP is providing substantial medical care to Mr. Bates. Since taking him into custody in December 2025, Mr. Bates has received an X-ray, an MRI, treatment for wounds, an eye examination and pain medications. (ECF No. 192, at 5). The court credits the note from Mr. Bates' doctor, Dr. Justin Park, which describes the need for surgery. (ECF No. 186-5). The BOP, however, has scheduled a neurosurgery consultation for Mr. Bates following his MRI. (ECF No. 193). Although Mr. Bates contests the adequacy of his care under the BOP, (ECF No. 186, at 17), the BOP appears to be working to address his medical needs. (ECF No. 192, at 5).

If medical care within the BOP becomes insufficient, compassionate release is not the only remedy. Federal law allows the BOP to grant a temporary release not to exceed thirty days to obtain "medical treatment not otherwise available." 18 U.S.C § 3622(a). Dr. Park scheduled Mr. Bates for surgery on April 15, 2026. Mr. Bates was not available to receive this surgery due to his incarceration. (ECF No. 186-5). Without this procedure, Dr. Park alleges Mr. Bates could have permanent nerve damage. *Id*. In the court's view, informed by its role presiding over Mr. Bates' trial and sentencing, Mr. Bates should receive consideration for

7

a furlough if the BOP determines it is unable to provide treatment on the timeline necessary to avoid the permanent damage Dr. Park foresees.  At present, Mr. Bates has not presented an extraordinary and compelling circumstance for compassionate release.

### B.    18 U.S.C. § 3553(a) Factors

Even if Mr. Bates' medical condition was an extraordinary and compelling circumstance, release would not be appropriate.  Mr. Bates has served less than a year of his sentence.  The sentencing factors in 18 U.S.C. § 3553(a) consider, *inter alia*, the nature and circumstances of the offense, characteristics of the defendant, and the need for the sentence imposed.  Since his recent sentencing, there has not been a material change in any of the sentencing factors.  Mr. Bates has a history of dangerous and escalating criminal involvement.  His most recent offense occurred while on supervised release, underscoring the need for his sentence to include incarceration.  The same mitigating sentencing factors are also present, including his difficult upbringing and character reference.  Notably, Mr. Bates' underlying serious medical condition existed at the time of his sentencing and the court gave it due weight then.

After full review, the court concludes that reduction in Mr. Bates' sentence is not warranted.  BOP is managing his medical

8

issue and can, at their discretion, grant a furlough if they determine they are unable to meet his treatment needs.  The goals of punishment, deterrence, and respect for law would not be served by release or a sentence reduction.

For the foregoing reasons, Mr. Bates' motion for compassionate release will be denied.  A separate order will follow.

                          /s/
                    DEBORAH K. CHASANOW
                    United States District Judge

9